**Virginia McDONOUGH,
Plaintiff–Appellee,**

v.

**ROYAL CARIBBEAN CRUISES,
LTD., Defendant–Appellant.**

No. 94–2762.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 5, 1995.

Decided Feb. 16, 1995.

Kevin W. Geer, David E. Gilbreth, Mark A. Schwartz (argued); and John J. Budin, Budin & Lipkin, Chicago, IL, for plaintiff-appellee.

Paul Kozacky (argued) and Christopher M. Murphy, McDermott, Will & Emery, Chicago, IL, for defendant-appellant.

Before RIPPLE and ROVNER, Circuit Judges, and MILLER, District Judge.*

MILLER, District Judge.

While standing in an elevator in the cruise ship on which she was a passenger, Virginia McDonough had her foot run over by a champagne-laden dolly being pushed by a steward. Ms. McDonough brought suit against Royal Caribbean Cruises, Ltd., the steward's employer. Following a bench trial, the district judge found in Ms. McDonough's favor and awarded her $38,000 in damages. Royal Caribbean appeals, with poor results.

The district court's jurisdiction was based on 28 U.S.C. § 1333(1); our jurisdiction is based on 28 U.S.C. § 1291.

* The Honorable Robert L. Miller, Jr. of the United States District Court for the Northern District of Indiana, is sitting by designation.

■ Royal Caribbean seizes on testimony from Ms. McDonough and her sister that the dolly had a "wobbly wheel" and appeared to be "out of control" as it approached Ms. McDonough. From this, Royal Caribbean concludes that the injury must have been caused by a defective wheel on the dolly, and argues that because it had no prior notice of the defect, it cannot be held liable under admiralty law for injuries caused by the defect. *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358 (11th Cir.1990); *Monteleone v. Bahama Cruise Line, Inc.,* 838 F.2d 63, 65 (2nd Cir.1988). This argument need not detain us, because the district court did not base its finding of liability on any defective condition; the court found that the steward failed to keep a proper lookout.

■ Royal Caribbean argues that the evidence does not support such a finding because there was no eyewitness testimony as to where the steward was looking immediately before impact. We do not believe such testimony is necessary in light of the proven facts. The steward ran over Ms. McDonough's foot in an elevator; the inference that he was not looking where he was going is not merely reasonable, it is compelling. At oral argument, Royal Caribbean argued that such an inference somehow triggers consideration of the doctrine of *res ipsa loquitur,* but we do not see why this should be so. *Res ipsa loquitur* enables a plaintiff to proceed to the fact-finder when the cause of her injury cannot be proven. *See, e.g., Neace v. Laimans,* 951 F.2d 139, 141 (7th Cir.1991). The steward's inattention can be proven through logical inference without the need to invoke *res ipsa loquitur.*

■ Royal Caribbean also argues that Ms. McDonough's testimony that the dolly was out of control defeats her claim: if the steward was not controlling the dolly, Royal Caribbean attempts to reason, it would not matter where the steward was looking. Again, we are entirely unpersuaded. We note that Ms. McDonough actually testified that "he"—the steward, rather than the dolly—seemed to be "a little bit out of control." The district judge, who heard all of the testimony, reasonably could have viewed the witnesses as describing the degree of control being exercised by the steward, with due regard to the close proximity of two women.

■ Finally, Royal Caribbean argues that the damages were excessive. Royal Caribbean notes that no bones were broken and Ms. McDonough resumed her normal activities fairly soon after the injury. Royal Caribbean's argument ignores the trial evidence that the foot injury caused permanent damage. Two years after the injury, a physician diagnosed Ms. McDonough as suffering from peroneal tendinitis of the right foot, attributable to the dolly injury and secondary to Ms. McDonough's abnormal gait used to compensate for her pain. The evidence supports a finding that Ms. McDonough will suffer pain for as long as she lives, even when participating in the normal activities she resumed. We do not believe an award of $38,000 for such an injury is " 'monstrously excessive,' born of passion and prejudice, or not rationally connected to the evidence. . . ." *Pincus v. Pabst Brewing Co.,* 893 F.2d 1544, 1554 (7th Cir.1990) (quotation omitted); *Kwasny v. United States,* 823 F.2d 194, 197 (7th Cir.1987).

■ Finally, Ms. McDonough seeks, through a request in her brief, an award of sanctions pursuant to Circuit Rule 38. We cannot honor such a request. As amended effective December 1, 1994, Fed.R.App.P. 38 allows us to award damages or costs for a frivolous appeal "after a separately filed motion or notice from the court and reasonable opportunity to respond. . . ." The advisory committee explained: "Requests in briefs for sanctions have become so commonplace that it is unrealistic to expect careful responses to such requests without any indication that the court is actually contemplating such measures. Only a motion, the purpose of which is to request sanctions, is sufficient." Ms. McDonough's brief-borne request is not a separately filed motion.

■ Amended Rule 38 allows the court to award sanctions on its own motion after notice and an opportunity to respond. We suspect this may be an appropriate case for such an award. While we recognize that plausible arguments form no basis for Rule 38 sanctions, *Heller Financial Inc. v. Mid-*

*whey Powder Co.,* 883 F.2d 1286, 1295 (7th Cir.1989), it does not appear to us that Royal Caribbean has advanced plausible arguments. In arguing that Ms. McDonough was required to prove prior notice of the dolly's wobbly wheel, Royal Caribbean appealed from a finding never entered by the district court, and simply ignored the reasonable inference that supported the finding that the steward failed to keep a proper lookout. It does not seem to us that Ms. McDonough should have been required to defend this frivolous appeal. We defer final determination, however, until Royal Caribbean has had an opportunity to respond, and afford Royal Caribbean fifteen days from this date to explain why sanctions are not warranted.

AFFIRMED.