**Virginia McDONOUGH,**
**Plaintiff–Appellee,**

**v.**

**ROYAL CARIBBEAN CRUISES,**
**LTD., Defendant–Appellant.**

No. 94–2762.

United States Court of Appeals,
Seventh Circuit.

Response to Show Cause Order
Submitted March 3, 1995.

Decided Sept. 19, 1995.

Kevin W. Geer (submitted), David E. Gilbreth, Mark A. Schwartz, Chicago, IL, John J. Budin, Budin & Lipkin, Chicago, IL, for plaintiff-appellee.

Paul Kozacky, Christopher M. Murphy, McDermott, Will & Emery, Chicago, IL, for Royal Caribbean Cruises, Limited.

Before RIPPLE and ROVNER, Circuit Judges, and MILLER, District Judge.*

MILLER, District Judge.

On February 16, 1995, we affirmed the district court's judgment in favor of Virginia McDonough and directed appellant Royal Caribbean Cruises, Ltd., to show cause why sanctions should not be imposed pursuant to Circuit Rule 38. *McDonough v. Royal Caribbean .Cruises, Ltd.*, 48 F.3d 256 (7th Cir. 1995). Royal Caribbean has submitted its memorandum, but we find it unpersuasive and award attorney fees to Ms. McDonough. We presume the reader's familiarity with our earlier opinion.

 In its response, Royal Caribbean first maintains that it argued the lack of evidentiary support for liability based on a defective wheel lest this court use such a theory as an alternative basis for the district court's judgment. Royal Caribbean did not, however, originally argue the point in this manner. Insofar as it addressed the finding of liability, Royal Caribbean's appellate brief spoke only of the "defective wheel" theory of liability. The district court could not have been more clear with respect to the basis for its finding of liability: "I am going to find for the plaintiff in this case based on the reasoning of failure to keep a proper lookout under either way we consider this evidence." Tr. at 177. Royal Caribbean simply ignored this statement in its appellate brief.

Further, Royal Caribbean misapprehends the rule that appellate courts may affirm on any basis adequately supported by the record. If the district court's reasoning fails, but another rationale supports the judgment in light of the facts of the case, an appellate court may affirm on the alternate ground, *Roland v. Langlois*, 945 F.2d 956, 962 n. 11 (7th Cir.1991), but if the district court's reasoning is sound and has sufficient evidentiary support, the appellate court need not consider issues on which the district court's holding did not rest. *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 965 (7th Cir.1992) (Flaum, J., concurring).

The district court expressly found the evidence insufficient to support a finding that the wheel was defective; we would have no reason to revisit that finding unless we first found error in the district court's finding of failure to keep a proper lookout. *See Barber v. Ruth*, 7 F.3d 636, 641–642 (7th Cir.1993); *Kwasny v. United States*, 823 F.2d 194, 196 (7th Cir.1987).

Royal Caribbean also argues that the record before the district court did not support an inference that the steward failed to keep a proper lookout. As is evident from our original opinion, we disagree; more importantly, these arguments should have been made (if at all) in the appellant's brief. Royal Caribbean's appellate brief focused instead on an issue extraneous to the judgment.

In sum, Royal Caribbean's appeal challenged findings neither made by the district court nor germane to the judgment. We believe such an appeal to be frivolous within the meaning of Circuit Rule 38, and do not believe that Ms. McDonough should be required to bear the full cost of responding to the misdirected argument set forth in Royal Caribbean's appellate brief. Accordingly, as part of the costs of this appeal, Royal Caribbean shall pay the additional sum of $3,800 to Ms. McDonough pursuant to Circuit Rule 38.