89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, ex rel. Winfred TENNY, Petitioner-Appellant,
v.
George C. WELBORN, Respondent-Appellee.
 No. 94-2852.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1996.*
Decided June 25, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 On October 19, 1989, Winfred Tenny ("Tenny") was convicted in state court by a jury of two counts of armed robbery and two counts of unlawful restraint. He was sentenced to life imprisonment after being adjudged a "habitual offender" within the meaning of the Illinois Habitual Criminal Act, Ill.Rev.Stat.1989, ch. 39, par. 33B-1 (the "Act") (current version at 720 ILCS 5/33B-1 (1994)). Under the Act, the state must establish inter alia that the defendant committed two prior felonies and that "the second offense was committed after conviction of the first offense." Id. Tenny challenges his sentence under 28 U.S.C. § 2254[1] contending that the trial court violated his right to due process by imposing a natural life sentence since the state failed to prove beyond a reasonable doubt that Tenny committed a second felony after the date he was convicted of his first. Because the sentencing court did not deprive Tenny of due process in determining his habitual offender status within the meaning of the Act, we affirm the denial of his § 2254 petition.
 
 
 2
 At Tenny's sentencing hearing, the State offered certified copies of conviction, testimony, and fingerprint evidence indicating that on February 4, 1980 Tenny pleaded guilty to rape (Tr. at 499-500) and that Tenny was convicted of armed robbery on December 8, 1983 (Tr. at 505, 508, 531-32). The Assistant State's Attorney ("ASA") told the trial court that the rape occurred on July 11, 1979, and that the prior armed robbery occurred on December 7, 1983. While reading these dates into the record the ASA indicated that he was reading from documents identified as certified statements of conviction (Tr. at 531-32). Tenny did not object to the ASA's representations or to the admission of the certified statements of conviction. In addition, the state filed a verified petition to adjudge Tenny a habitual offender under the Act and to impose a natural life sentence. (Tr. at 621). This petition included the dates of offense, arrest, and conviction for each of Tenny's two prior felonies.[2] Tenny did not challenge the facts stated in the verified petition or those in the Pre-Sentence Investigation Report concerning Tenny's criminal history (Tr. at 492). Although referenced in the verified petition and in the certified statements of conviction, the indictments, numbered 79I4897 and 83I18305, were not admitted into evidence. (Tr. at 530). Based on all the evidence, the ASA sought to have Tenny adjudged a habitual offender and sentenced to natural life imprisonment under the Habitual Criminal Act.
 
 
 3
 After the trial court granted the state's petition, the judgment and sentence were affirmed by the Illinois appellate court which rejected Tenny's argument that the state failed to prove beyond a reasonable doubt the date of commission of his second felony offense.[3] The Illinois Supreme Court denied Tenny's petition for leave to appeal and he filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, alleging that the state violated his right to due process by failing to prove beyond a reasonable doubt that Tenny committed the second felony (armed robbery) after his conviction for the first (rape). The district court acknowledged a split in Illinois authority regarding the state's evidentiary burden under the Act of proving the sequence of the defendant's two prior felonies. (R. at 30) (citing People v. Kenard, 561 N.E.2d 118, 1200 (Ill.App.Ct.1990) (discussing whether under Illinois law the commission date of a defendant's second prior felony must be proved directly or whether it can be proved inferentially from the date of arrest and conviction)). However, the court refused to weigh in on the dispute, finding that the state proved the date of the second offense directly rather than by inference:
 
 
 4
 [t]he transcript reveals that at Tenny's sentencing hearing, the Assistant State's Attorney read into evidence material from two exhibits, which he characterized as "certified statements of convictions." Each of these statements included not only the dates of arrest and conviction, but the dates of commission of the offenses as well. In addition, the government's attorney offered the documents into evidence, and Tenny's counsel, acknowledging that they were certified copies, stated that he had no objection. As a result, there was no need for the trial court to infer the dates of commission of the prior offenses, since the certified statements of conviction actually stated them.
 
 
 5
 (R. at 30).
 
 
 6
 Contrary to the district court's finding, the record reveals that the certified statements of conviction do not evidence the date Tenny committed his second felony. (R. at 20-I, p. 3). However, we may affirm the district court's decision on any basis supported by the record. McDonough v. Royal Caribbean Cruises, Ltd., 66 F.3d 150, 151 (7th Cir.1995). As a preliminary matter, we note that resolution of the state law evidentiary debate[4] is not determinative of Tenny's appeal since it is well-settled that a state may offer more protection than required by the due process clause and that "habeas corpus is available only to correct fundamental defects--defects of a constitutional or at least quasi-constitutional dignity." Dunne v. Keohane, 14 F.3d 335, 337 (7th Cir.1994). Indeed, the Supreme Court explained the limited scope of relief under § 2254:
 
 
 7
 We have stated many times that "federal habeas relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determination on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.
 
 
 8
 Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Thus, we may affirm Tenny's sentence so long as the state's determination of Tenny's habitual offender status satisfied those minimum standards of fairness guaranteed by the due process clause.
 
 
 9
 In addition to the certified statements of conviction, the PSR, and the ASA's statements concerning the dates of Tenny's prior offenses, the state submitted a verified petition[5] to adjudge Tenny a habitual offender and to impose a natural life sentence. (R. at 621).[6] This petition, which was filed with the state trial court and presented to Tenny, stated the date of the offense, arrest, and conviction for each of Tenny's two prior felonies. Id. Tenny did not object to this petition just as he did not dispute the ASA's representations to the trial court of these dates. Moreover, Tenny does not offer any evidence suggesting that he did not commit his second felony after his first felony conviction. Therefore, we conclude, based on all the evidence presented to the trial court, Tenny's sentencing as habitual offender under the Act satisfies the minimal standards required by due process. According, we AFFIRM the denial of his § 2254 petition. See Spencer v. Texas, 385 U.S. 554, 566-67 (1967) (upholding against due process challenge Texas procedure for enforcing its habitual criminal statutes through allegations in indictment of prior offenses and introduction of certified statements of conviction).
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, during the pendency of this application, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (Pub.L. 104-132, 110 Stat. 1214). Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, or what effect those amendments have if they apply, because even under the more expansive scope of review permitted prior to the Act, the petitioner in this case is not entitled to relief
 
 
 [2]
 The petition stated that (1) Tenny was arrested and charged on July 12, 1979 for a rape he committed on July 11, 1979, and that on February 4, 1980 Tenny entered a guilty plea for this offense; and (2) that on December 7, 1983 Tenny committed, was arrested, and was charged with armed robbery and was convicted of this offense the following day. See id
 
 
 [3]
 The Illinois appellate court found that the state met its evidentiary burden through the introduction of witness testimony:
 At the sentencing hearing [a custodian of state criminal records] testified about the defendant's prior criminal record. Specifically, he stated that an information in 1979 indicated that on August 2, 1979, defendant was charged with a rape that occurred on July 11, 1979. On February 4, 1980, defendant pled guilty and was sentenced to eight years. He was released on May 12, 1983. Additionally, the State introduced evidence which charged him in 1983 with armed robbery which occurred on December 7, 1983. The next day defendant pled guilty and was sentenced to another eight years.... Defendant never questioned the accuracy of the dates at the sentencing hearing itself. In this case, the State clearly proved beyond a reasonable doubt that the second offense was committed on December 7, 1983, which was after the conviction of the first offense on February 4, 1980.
 (R. at 18, Exhibit A, p. 11).
 Contrarily, the transcript of the state court proceedings shows that the records custodian testified only to the dates of Tenny's prior convictions and not to the dates he committed the offenses. Thus, under former § 2254(d)(8) or the newly enacted § 2254(e)(1), the state court factual determination (that the witness testified to the date Tenny committed his prior offenses) is not entitled to deference.
 
 
 [4]
 In any event, this controversy may, in part, be resolved by the recent Illinois Supreme Court decision upholding a habitual offender sentencing where the state proved the commission date of the second prior felony by introducing a certified statement of conviction and a certified indictment containing the commission dates of the prior felonies. People v. Robinson, 656 N.E.2d 1090, 1100 (Ill.1995). Although the state did not introduce a certified copy of the indictments listing the commission dates of the prior offenses, it did introduce a certified petition listing both the commission and conviction dates for each of Tenny's prior felonies. Notably, Illinois courts have upheld habitual criminal sentencing based on information contained within verified petitions. See People v. Beard, 636 N.E.2d 658, 664-65 (Ill.App.Ct.1993) (upholding defendant's habitual offender sentencing based on the prosecutor's representations made in a verified memorandum submitted to the court and not challenged by the defendant); People v. Walton, 608 N.E.2d 59, 64 (Ill.App.Ct.1992) (upholding habitual criminal sentencing based on unverified petition stating dates of prior offenses where state complied with other provisions of the statute, defendant had notice of the petition and did not challenge it); People v. Davis, 563 N.E.2d 869, 872 (Ill.App.Ct.1990) (upholding habitual criminal sentencing where dates of defendant's second felony were established through state's verified petition and state's attorney's statements before that court)
 
 
 [5]
 Section 33B-2(a) of the Illinois Habitual Criminal Act states that a prosecutor "may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B-1 rendered against the defendant." Ill.Rev.Stat.1989, ch. 39, par. 33B-2(a). This section has been read by Illinois courts to explain how a prosecutor may sufficiently bring a defendant's criminal history to the court's attention. People v. Simpson, 651 N.E.2d 673 (Ill.App.Ct.1995)
 
 
 [6]
 We thus reject Tenny's argument that this is a case like Stokes v. Procunier, 744 F.2d 475, 484 (5th Cir.1984) where a habitual offender sentence was reversed since the state offered no evidence of the date the defendant committed the second felony