Nancy A. DAW, Plaintiff–Appellant,

v.

PEOPLES BANK & TRUST COMPANY, Defendant–Appellee.

No. 99–3301.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 22, 2001.*

Decided Feb. 26, 2001.

Rehearing and Rehearing en Banc Denied March 29, 2001.

---

Before Hon. BAUER, Hon. CUDAHY, and Hon. POSNER, Circuit Judges.

### ORDER

Nancy Daw and her then-husband, Dennis Bratton, defaulted on a residential mortgage. Their lender, Peoples Bank & Trust Company, assigned the mortgage to the guarantors of the debt–Daw's parents–after they paid off the defaulted loan.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Daw sued Peoples Bank, alleging that it failed to provide her advance notice of the assignment of the servicing of the loan as required by section 6 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(b). The district court entered summary judgment in Peoples Bank's favor, and we affirm.

The relevant facts are largely undisputed. In May 1993 Daw and Bratton executed a note in the principal amount of $208,000 secured by a mortgage and by a guarantee executed by Daw's parents, Jack and Virginia Daw. Daw and Bratton later refinanced in May 1994, executing a second note in the principal amount of $208,000, again secured by a mortgage and by a guarantee executed by Daw's parents. Daw and Bratton defaulted on the loan in October 1997. Daw's parents then contacted Peoples Bank in February 1998 regarding a payoff of the loan, and Peoples Bank responded by agreeing to accept payment on the guaranty for $191,743. On February 27 Daw's parents paid $191,743 to Peoples Bank and in return Peoples Bank assigned its interest in the note and the mortgage to Daw's parents. Daw's parents next instituted foreclosure proceedings against Daw in July 1998, but those proceedings were terminated after Daw sold the real estate and turned over the proceeds to her parents.

The only question here is whether Peoples Bank was required to give Daw advance notice of the assignment under RESPA. Daw relies on 12 U.S.C. § 2605(b), which provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the *servicing* of the loan to any other person" (emphasis added). But Daw has misconstrued § 2605(b). Peoples Bank did not assign, sell, or transfer the servicing of the loan. "Servicing" is defined as "receiving

any *scheduled periodic payments* from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3) (emphasis added); 24 C.F.R. § 3500.2(b). Once Daw defaulted, there were no longer any scheduled periodic payments to make or to collect, and thus there were no servicing rights to assign, sell, or transfer. The assignment here is beyond the scope of § 2605(b).

We also reject Daw's argument that Peoples Bank's assignment of the note and mortgage without notice constituted a due process violation. Private conduct is beyond the purview of the Fourteenth Amendment. *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 1756, 146 L.Ed.2d 658 (2000) ("[T]he Fourteenth Amendment, by its very terms, prohibits only state action."). Thus to succeed on her claim, Daw had to show that Peoples Bank acted under color of state law. *Hanania v. Loren–Maltese*, 212 F.3d 353, 356 (7th Cir.2000). Daw points to Peoples Bank's recording of the assignment, but this purely ministerial act is insufficient to show state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("Action by a private party pursuant to [a] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.' ").

Lastly, Peoples Bank has requested in its brief that we impose sanctions against Daw for filing a frivolous appeal under Rule 38 of the Federal Rules of Appellate Procedure. Rule 38 requires a party to request sanctions in "a separately filed motion," which Peoples Bank has not done. *In re Bero*, 110 F.3d 462, 466 (7th Cir. 1997); *McDonough v. Royal Caribbean*

*Cruises, Ltd.*, 48 F.3d 256, 258 (7th Cir. 1995). Even if it had, we do not believe that this appeal is so lacking in merit as to warrant sanctions.

AFFIRMED.