**Clarence K. CARTER, Petitioner–Appellee,**

**v.**

**Herbert NEWKIRK, Respondent–Appellant.**

**No. 00–2718.**

United States Court of Appeals, Seventh Circuit.

Submitted April 30, 2001.*

Decided April 30, 2001.

Rehearing and Rehearing en banc Denied June 1, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. MICHAEL S. KANNE, Hon. ILANA DIAMOND ROVNER, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

## ORDER

Indiana prisoner Clarence Carter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing in part that he did not knowingly and voluntarily waive his right to a jury trial. The district court held that, before accepting a jury waiver, trial judges are constitutionally required to interrogate the defendant on the record, ensuring that his waiver is knowing and voluntary. Because the state record in this case does not disclose such an exchange between the trial judge and Carter, the district court granted the writ. The state appeals, and we reverse.

After a bench trial Carter was found guilty of dealing cocaine and sentenced to thirty years in prison. The Court of Appeals of Indiana affirmed Carter's conviction, and the Indiana Supreme Court denied his petition to transfer. Carter then petitioned for state collateral relief, arguing that his jury waiver was not knowing and voluntary.

At a post-conviction hearing, Carter's trial counsel testified that he admonished Carter about his right to a jury trial and then prepared a handwritten waiver form that Carter signed. Carter introduced into evidence both the signed waiver and the trial court docket sheet; the waiver, he said, was illegible, and the docket sheet evidenced that the trial court was out of session when the presiding judge found

Carter's waiver knowing and voluntary. Carter also testified that neither the judge nor his attorney told him about his right to trial by jury; he added that he could not read the handwritten waiver and signed it believing it part of a motion to suppress that his attorney handed him at the same time. Deeming the jury issue waived, the Indiana post-conviction court did not address whether Carter's waiver was valid. The Indiana appellate court rejected this waiver analysis but nonetheless affirmed the denial of post-conviction relief because the handwritten waiver and the testimony of Carter's counsel established that Carter knowingly and voluntarily waived his right to trial by jury. Although Carter's testimony contradicted that of his counsel, the state appellate court found Carter not credible. The Indiana Supreme Court subsequently denied Carter's petition to transfer.

After pursuing a second unsuccessful petition for state collateral relief, Carter initiated this federal habeas corpus action. Among his nine claims Carter argued that he did not knowingly and voluntarily waive his right to a jury trial. Notwithstanding the signed waiver and the testimony of Carter's counsel, the district court granted the writ, reasoning that to accept a jury waiver a trial judge must first conduct a colloquy with the defendant on the record to ensure that his waiver is given knowingly and voluntarily. The primary question presented on appeal is whether the Constitution requires such a colloquy.

■ The Sixth Amendment guarantees an accused the right to trial by jury. U.S. Const. amend. VI. A criminal defendant, however, "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution," *United States v. Mezzanatto*, 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995), including the right to a jury trial, *see*

*Patton v. United States*, 281 U.S. 276, 298, 50 S.Ct. 253, 74 L.Ed. 854 (1930). Generally, the waiver of a constitutional right will be knowing and voluntary if the defendant knew about the right in question and the possible consequences of deciding to forgo that right. *See, e.g., Patterson v. Illinois*, 487 U.S. 285, 292–93, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988); *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). But the validity of a waiver turns on the unique circumstances of each case, *see Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 87 L.Ed. 268 (1942), and though the absence of an on-the-record colloquy between the trial judge and the defendant may be probative of whether a waiver is valid, we have made it clear that such an exchange is not constitutionally required, *see United States v. Rodriguez*, 888 F.2d 519, 527 (7th Cir.1989); *Brownstein v. Dir., Ill. Dep't of Corr.*, 760 F.2d 836, 844 n. 4 (7th Cir.1985); *see also Cabberiza v. Moore*, 217 F.3d 1329, 1333–34 (11th Cir.2000); *Marone v. United States*, 10 F.3d 65, 67 (2d Cir.1993) (per curiam); *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir.1985); *United States v. Martin*, 704 F.2d 267, 274 (6th Cir.1983); *United States v. Hunt*, 413 F.2d 983, 984 (4th Cir.1969) (per curiam). Thus, the district court's analysis of constitutional law was incorrect.

■ Based on both the signed waiver and the testimony of Carter's counsel, the Indiana appellate court found that Carter knew he had the right to a trial by jury and yet decided to forgo that right. A state court's finding that a defendant understood his rights and knowingly and intelligently waived them is a factual determination which we presume to be correct. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 546–47, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (state appellate courts'

factual findings are entitled to the same deference that trial judges' findings receive); *cf.* *Gomez v. Ahitow*, 29 F.3d 1128, 1134 (7th Cir.1994) (state court's determination that defendant knowingly and intelligently waived his right to conflict-free representation presumed correct); *cf.* *Perri v. Dir., Dep't of Corr.*, 817 F.2d 448, 450 (7th Cir.1987) (state court's determination that defendant knowingly and intelligently waived *Miranda* rights presumed correct). Carter does not attempt to rebut this presumption. Rather, his appeal concerns only whether the Constitution requires an on-the-record colloquy before a defendant may waive his right to a jury trial. As there is no such requirement, it was error to grant the writ on this basis.

■ Carter also argues that his habeas corpus petition presents several additional claims which, even though rejected by the district court, nonetheless provide alternative bases for us to affirm the district court's grant of the writ. Normally we may affirm on any basis presented to the district court, *see McDonough v. Royal Caribbean Cruises, Ltd.*, 66 F.3d 150, 151 (7th Cir.1995), but the state argues in this instance that we lack jurisdiction to consider Carter's additional arguments because neither the district court nor this court granted a certificate of appealability that includes them. The state is correct that a certificate of appealability is a jurisdictional prerequisite for an appeal of a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). But Carter has not appealed such an order. He merely advances alternative grounds for affirming the district court's decision. *See Rose Acre Farms, Inc. v. Madigan*, 956 F.2d 670, 672 (7th Cir.1992); *Freeman v. B & B Associates*, 790 F.2d 145, 151 (D.C.Cir. 1986).

■ Carter first contends that his trial counsel rendered ineffective assistance by failing to move for a discharge under Indiana Criminal Rule 4(B)(1), which provides that a defendant who is not brought to trial within 70 days of demanding a speedy trial must be discharged unless the defendant's own conduct or court congestion caused the delay. *See Austin v. State*, 682 N.E.2d 1287, 1288 (Ind.1997). The Indiana Court of Appeals rejected this claim because Carter's counsel testified at the post-conviction hearing that the delay was due to the trial court's crowded calendar. In his brief before this court Carter erroneously asserts that the state court neither cited the defense nor the trial court's congested calendar as the cause of the delay. Because Carter's argument is factually incorrect and the state court's decision is neither contrary to nor an unreasonable application of federal law as determined by the Supreme Court, Carter is not entitled to federal habeas corpus relief on this ground.

■ Carter also contends that his counsel should have moved to suppress his post-arrest confession on the theory that he was arrested without probable cause. Carter's position is frivolous. Indianapolis police first encountered Carter after David Harmon, who was arrested trying to sell cocaine to a confidential informant, led two police officers back to his apartment where, according to Harmon, they would find more cocaine that he and Carter owned jointly. Carter was in the living room when the three arrived, and after failing to locate the cocaine in an upstairs bedroom, Harmon asked Carter where it was and was told that it was in the bedroom closet. Indeed there were approximately 100 grams of cocaine in the closet, and later after *Miranda* warnings Carter admitted to the arresting officers that he and Harmon jointly owned the cocaine. Carter's premise is that the police never had reason to suspect he was connected to

the cocaine because Harmon never really mentioned his name prior to returning to the apartment. Carter's point is irrelevant because he was not arrested until the police found the cocaine in the closet where he said it would be, but, regardless, Carter never even attempted to rebut the presumption of correctness that attaches to the state court's contrary factual findings. *See* 28 U.S.C. § 2254(e)(1). Based on those facts, Carter's counsel can not be faulted for deciding not to file a suppression motion.[1]

■ Carter further argues that the district court's grant of the writ should be affirmed because the state failed to present sufficient evidence that he was dealing in cocaine, which under Indiana Code 35–48–4–1 includes possession with intent to deliver. At trial a police officer testified that Carter both directed him to the hidden cocaine and admitted that he and Harmon jointly purchased it for resale. Thus, we conclude that the state court's holding that, taking the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt was not unreasonable. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Carter argues, however, that his trial testimony contradicted the officer's, and so the trial court's decision to believe the officers absent some additional indicia of reliability, e.g., an audio record of Carter's admission, violated the Due Process Clause by improperly shifting to Carter the burden of disproving the officer's testimony. This argument is frivolous. A factfinder does not violate the Constitution when she cred-

its the testimony of one witness over another.

Carter's final point is equally meritless. Three years after trial, at the hearing on Carter's post-conviction petition, the officer who testified concerning Carter's admissions could no longer recall whether Carter made a post-arrest statement. Describing this as new evidence of actual innocence, Carter argues that the officer's inability to recall facts he had testified to at trial indicates, at the very least, that his entire trial testimony is suspect and, at most, that he perjured himself. But far from being evidence of perjury, the officer's statements are not even inconsistent.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND with instructions that the district court dismiss Carter's habeas corpus petition with prejudice.

IT IS FURTHER ORDERED that the state's motion to dismiss the arguments raised in Carter's supplemental brief is DENIED.

---

1. Carter also argues that his appellate counsel was ineffective when he failed to raise trial counsel's alleged ineffectiveness regarding the speedy trial and Fourth Amendment issues.

Because Carter's claims that his trial counsel rendered ineffective assistance are without merit, his related ineffective assistance of appellate counsel claims also fail.