NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008[*]
Decided April 1, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2557

| | |
|---|---|
| CARL QUALLS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 06 C 50174 |
| NIU BOARD OF TRUSTEES, et al., | |
| | Philip G. Reinhard, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Northern Illinois University expelled Carl Qualls in 2000 for poor academic performance, and Qualls has spent the last eight years challenging that decision. This appeal arrives after six years of litigation spanning two lawsuits. In his first action, Qualls sued the university and various administrators and employees under Title VI of the Civil

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Rights Act of 1964, 42 U.S.C. § 2000d to 2000d-7, 42 U.S.C. § 1983, and state tort law, claiming his low grade-point average was the result of a hostile educational environment and unredressed race discrimination on campus.  The district court granted summary judgment in favor of the defendants, observing that "[w]hile plaintiff strives to connect his academic demise to a conspiratorial plot of racial harassment and discrimination, the evidence comes nowhere close to demonstrating such a link."  We affirmed that judgment on appeal.  *Qualls v. Cunningham*, 183 Fed. App'x 564, 567 (7th Cir. 2006).

Undeterred after one round of fruitless litigation, Qualls filed a nearly indistinguishable pro se lawsuit in 2006 against the same defendants (plus one) for essentially the same injuries under the same causes of action.  The district court dismissed this new action as barred by res judicata (claim preclusion) after noting that the only new defendant, a human resources administrator at NIU, was a privy of the university.  The court also sanctioned Qualls for attempting to revive claims that were "borderline frivolous at best" in the first instance.  Qualls has appealed a second time, and we again affirm.

Qualls admits on appeal that his claims in the two suits are "identical," but he insists that claim preclusion does not bar his second suit because claims from the first suit remain "unresolved" and the discrimination he complained of persists at the university.  Eight years have passed since Qualls was last a student at NIU; nevertheless, Qualls feels that he is best suited to challenge the "continuing violations" on campus.  This court reviews de novo a dismissal on grounds of claim preclusion.  *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006).

Qualls's appeal demonstrates a thorough misunderstanding of claim preclusion.  Claim preclusion prevents a party from relitigating issues that were or could have been raised in an earlier lawsuit that resulted in a final judgment on the merits.  *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).  Claim preclusion adheres if there is (1) a prior final judgment on the merits; (2) identical claims in both suits; and (3) the same parties or their privies in both suits.  *See id.*

Qualls first argues that there was no final judgment on the merits in his earlier suit because the district court's written decision did not provide a detailed analysis of each issue raised in the complaint.  We routinely reject this sort of argument from pro se appellants, and this is no exception.  We said as much in Qualls's first appeal:

> Qualls . . . contends that the district court did not apply "any legal analysis" in deciding his claims, an apparent reference to the court's failure to cite precedential authority or rule explicitly on every issue raised.  But what we

> review is not the language of the district court's opinion, but rather *its final judgment*. *See Pilch v. Ashcroft*, 353 F.3d 585, 587 (7th Cir. 2003).

*Qualls*, 183 Fed. App'x at 566-67 (emphasis added). Claim preclusion contemplates finality—not the depth of legal analysis in the first decision or even whether it was correct. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Qualls's argument on this point is futile: summary judgment *is* a final judgment on the merits for purposes of claim preclusion. *See, e.g., Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 645 (7th Cir. 1986).

Qualls also argues that there is no identity of claims because, in his new suit, he has alleged fresh injury in the form of discrimination suffered *by other students* since his expulsion. But Qualls lacks standing to challenge discrimination that others have suffered in his absence. *See Bd. of Educ. of Ottawa Twp. High Sch. Dist. 140 v. Spellings*, No. 07-2008, 2008 WL 351452, at *2 (7th Cir. Feb. 11, 2008); *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). Furthermore, Qualls cannot allege any new personal injury at the hands of the university or its employees because he has not been a student there since before his first lawsuit. All that remains of his complaint are allegations of discrimination that he faced as a student from 1997 to 2000—the exact same allegations (and time period) that animated the first suit.

Qualls's remaining arguments are undeveloped and do not warrant discussion. The university, however, has raised one final issue that we must address. It asks us in its brief to sanction Qualls under Federal Rule of Appellate Procedure 38 for pursuing a frivolous appeal. Rule 38, however, requires notice (from the court or by way of a separately filed motion) and an opportunity to respond; a request for sanctions in a brief does not provide sufficient notice. FED. R. APP. P. 38; *see also Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 761 (7th Cir. 2005). At first glance, Rule 38's requirement of a separately filed motion might seem excessively formal, but the advisory committee note to the 1994 amendment of the rule explains the need for a second document: "Requests in briefs for sanctions have become so commonplace that it is unrealistic to expect careful responses to such requests without any indication that the court is actually contemplating such measures." FED. R. APP. P. 38 advisory committee's note (1994 amendments); *see In re Bero*, 110 F.3d 462, 466-67 (7th Cir. 1997); *In re Del Mission Ltd.*, 98 F.3d 1147, 1154 (9th Cir. 1996); *McDonough v. Royal Caribbean Cruises, Ltd.*, 48 F.3d 256, 258 (7th Cir. 1995).

We now advise Qualls that we are considering sanctions in the amount of reasonable attorney's fees and costs, and Qualls is ORDERED to show cause why he should not be sanctioned for filing a frivolous appeal. *See* FED. R. APP. P. 38. The response is due on or before April 11, 2008. The judgment of the district court is AFFIRMED.