# In the

# United States Court of Appeals
## For the Seventh Circuit

————————

Nos. 01-4253, 02-2733 & 02-3779

STANISLAW PILCH and ZOFIA PILCH,

*Petitioners,*

*v.*

JOHN ASHCROFT, Attorney General of the United States,

*Respondent.*

————————

Petitions for Review of Orders of
the Board of Immigration Appeals

————————

ARGUED DECEMBER 11, 2003—DECIDED DECEMBER 30, 2003

————————

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Stanislaw and Zofia Pilch and their three children would prefer to remain in the United States rather than return to Poland, of which the parents are citizens. (The children, born in the United States during their parents' unauthorized presence, are citizens of this nation.) The parents sought discretionary relief from removal, contending that return to Poland would create extreme economic hardship. See 8 U.S.C. §1254(a). In 1995 an immigration judge denied their application, in 1996 the Board of Immigration Appeals affirmed, and in 1997 we dismissed their petition for review, holding that

federal courts lack jurisdiction to review the denial of discretionary relief based on claims of economic hardship. *Pilch v. INS*, 129 F.3d 969 (7th Cir. 1997). More than six years later, the Pilch family is still in the United States, rehashing arguments that both the agency and this court have rejected.

Even before we dismissed their petition, the Pilches asked the Board to reconsider its decision. This motion complained that the Board had misstated the children's ages and should have discussed the bearing of *Salameda v. INS*, 70 F.3d 447 (7th Cir. 1995). It was accompanied by a social worker's opinion that relocation to Poland would be harmful to the children, who are "totally American". While this was pending—and again before our 1997 decision—the Pilches filed a motion to reopen based on the fact that Zofia Pilch's employer had sponsored her application for a visa; both Pilches sought adjustment of status to permanent residence based on this application. Then in 1999 the Pilches filed a second motion to reopen, this time based on Section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997, Pub. L. 105-100, 111 Stat. 2160, which despite its name provides benefits to aliens from Eastern Europe as well as those from this hemisphere. (The benefit the Pilches sought is discretionary adjustment of status, an option afforded by 8 U.S.C. §1255 and extended to additional aliens by the 1997 statute.) In December 2001 the Board denied all three pending requests, holding in reliance on *Matter of Shaar*, 21 I.&N. Dec. 541 (BIA 1996), that, as unsuccessful applicants for discretionary relief who failed to depart as ordered, the Pilches are not eligible for any of the post-decision remedies sought by their motions. The parents filed a petition for judicial review of that decision; it has been docketed as No. 01-4253.

Before we could rule on that petition, the Pilches made still more requests of the Board. Although only one

motion to reopen is permitted, see 8 U.S.C. §1229a(b) (6)(A); 8 C.F.R. §1003.2(c)(2), the Pilches (who had filed two already) then filed two more. In an attempt at disguise, counsel captioned each as a motion asking the Board to act *sua sponte*—but, of course, if reopening were to occur in response to a motion, it could not have been *sua sponte*. See *Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998). These applications were dismissed—implying that the Board did not treat them as invitations to reflect on the appropriateness of *sua sponte* action—and the Pilches filed two more petitions for review, which we docketed as Nos. 02-2733 and 02-3779. These petitions are summarily dismissed. The statute does not allow aliens to file successive motions to reopen, and adding the words "sua sponte" to a successive motion does not change its character. There was nothing properly before the Board, and hence there is nothing for us to review. At all events, failure to reopen *sua sponte* is a discretionary decision that is unreviewable for much the same statutory reason we dismissed the petition in 1997. See *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003) (collecting authority).

According to the Pilches, we should overrule our 1997 decision and at last review their claim on the merits. Doubtless we have the authority to do this; the law of the case does not deprive a court of the power to act, if firmly convinced (usually on the basis of intervening developments) that an error has been made. See *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988). But we do not perceive any error. Section 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)—a transitional provision that applies to the Pilches because their deportation proceedings began before the law's enactment but the BIA's decision was rendered more than 30 days after the IIRIRA became effective—provides that "there shall be no appeal of any discretionary decision under section . . . 244 or 245 [8 U.S.C.

§§ 1254, 1255] . . . of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)." The Pilches' principal claim rests on §244 of the Act, and the administrative decision not to treat the consequences of removal to Poland as "extreme economic hardship" is discretionary. Their more recent claim for adjustment of status rests on §245. Both are discretionary actions covered by §309(c)(4)(E). As we held in 1997, that is all there is to the matter. The only other circuit that has considered this issue for transitional cases has agreed with *Pilch*. See, e.g., *Rodriguez v. Ashcroft*, 253 F.3d 797, 799 (5th Cir. 2001).

No alien has a constitutional entitlement to judicial review of discretionary administrative decisions of this sort. See *Yang v. INS*, 109 F.3d 1185, 1194-97 (7th Cir. 1997). Sometimes the legislature provides for review. Section 309(c)(4)(E) does not, for example, affect judicial review of claims for asylum or those under the Convention Against Torture. Cf. *Nwaokolo v. INS*, 314 F.3d 303 (7th Cir. 2002) (granting a stay in a proceeding in which an alien parent contended that a U.S. citizen child might be subject to torture if the child accompanied the parent on removal to Nigeria). The Pilches did not seek any of the remedies for which judicial review is available; they do not contend that they or their children would be persecuted or tortured in Poland. All we have is a standard request for relief on economic grounds. Judicial review has been curtailed to expedite the process—which the Pilches have managed to distend notwithstanding the statute. (Had the family left in 1995 as the immigration judge directed, or even in 1997 when we dismissed the petition, the children, born in 1988, 1990, and 1991, would have found the transition to life in Poland much easier.)

Counsel for the Pilches insists that, if the BIA makes a factual error (such as misstating the children's ages), or a legal one (such as relying on *Shaar*, which the Pilches

deem incorrectly decided), then we may review that error—for summarizing the facts and law correctly is not "discretionary." That's just an invitation to sidestep the IIRIRA. The thing under review is the agency's final decision, not the language of its opinion; and if the decision is to withhold certain discretionary remedies, that's the end. Otherwise there would be no jurisdiction if the agency is right, but jurisdiction when it errs; that would be a back door assertion of jurisdiction to review every decision, and an effective nullification of the statute. Judicial authority depends on power granted by law. It cannot be assumed but must be established. Section 309(c)(4)(E) shows that we lack jurisdiction, whether or not the agency made a factual or legal error on the way to decision. Once again, therefore, the Pilches' petition for review is

DISMISSED FOR WANT OF JURISDICTION.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*