**Tsung LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–3179–AG.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Jan Potemkin, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Tonya L. Shotwell, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immi-

gration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Tsung Lin, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The regulations state that an individual can file only one motion to reopen. 8 C.F.R. § 1003.2(c)(2). The only exception that could be relevant in this case is the "changed circumstances" exception. In his motion to reopen, Lin asserted that his case should be reopened because he now has two children born in the United States; he does not claim that the Chinese government has changed its enforcement of the coercive family planning policy. This Court has recently held that a change in an individual's personal circumstances does not qualify under this exception; rather, an individual must demonstrate that conditions have changed in the country of nationality or to which deportation has been ordered. *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005); *Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003). Moreover, the approved visa petition is not new information that could be considered "changed" circumstances.

Motions to reopen must be filed within 90 days after the final order of removal is entered, or by September 30, 1996, whichever is later. 8 C.F.R. § 1003.2(c)(2). Lin still would have been able to file a motion to reopen if he fell into one of the exceptions provided for untimely filings at 8 C.F.R. § 1003.2(c)(3). However, as previously discussed, the only exception that could have been applicable is the changed circumstances exception, and the BIA did not abuse its discretion when it determined that this exception did not apply in this case.

The BIA has limited authority to reopen an individual's proceedings on its own. *See* 8 C.F.R. § 1003.2(a); *see also In Re J–J–*, 21 I & N Dec. 976, 984, 1997 WL 434418 (BIA 1997). The decision of the BIA to reopen, or not reopen, a case *sua sponte* is completely discretionary, and this Court lacks jurisdiction to review a BIA decision regarding the use of its *sua sponte* authority. *See Luis v. INS*, 196 F.3d 36, 39 (1st Cir.1999); *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir.1999); *Ekimian v. INS*, 303 F.3d 1153, 1158 (9th Cir.2002); *Calle–Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3rd Cir.2003); *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir.2003).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).