CORRECTED SUMMARY ORDER
Tzer Zu Chen, aka Chang Zong Chen (“Chen”) petitions for review of the BIA’s April 15, 2005 denial of his third motion to reopen his removal proceedings. We assume the parties’ familiarity with the underlying facts and procedural history.
This Court reviews the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Id.; Ke Zhen Zhao v. DOJ, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
Under 8 C.F.R. § 1003.2(c)(2), a party may file only one motion to reopen, which must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. Here, while Chen’s appeal to the BIA from the immigration judge’s denial of his claims for relief was pending, he filed a motion to reopen, which appeal and motion to reopen the BIA denied in December 2000. Chen filed a second motion to reopen in March 2001, which the BIA denied as untimely in May 2001. Chen filed a third motion to reopen, which the BIA denied on April 15, 2005, and which is the subject of the instant petition for review.
An exception to the time and numerical limitations to the filing of motions to reopen is available to a party under 8 C.F.R § 1003.2(c)(3)(ii) if he or she can show changed circumstances in the designated *379 country of deportation and the evidence of such change is material and was not available and could not have been discovered or presented at the former hearing. The BIA did not abuse its discretion in holding that Chen claim of persecution under China’s family planning policy and the amended definition of refugee status, and the doctors’ letters corroborating his sterilization, had been previously presented to the BIA in Chen’s first and second motions to reopen, and been rejected, and that therefore, Chen’s third motion to reopen failed to rely upon changed circumstances or new evidence justifying the reopening of his proceedings.
The decision of the BIA to reopen, or not reopen, a case sua sponte is completely discretionary and we lack jurisdiction to review the BIA’s sua sponte discretionary authority. See Luis v. INS, 196 F.3d 36, 39 (1st Cir.1999); Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir.1999); Ekimian v. INS, 303 F.3d 1153, 1158 (9th Cir.2002); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3rd Cir.2003); Pilch v. Ashcroft, 353 F.3d 585, 586 (7th Cir.2003).
Finally, although Chen did not have reason to raise his family planning persecution claim during his initial hearing because the definition of refugee to include those persecuted on account of forced sterilization had not yet been amended, Chen’s due process claim is without merit because his forced sterilization claim was reviewed by the BIA in its consideration of his first and second motion to reopen.
For the foregoing reasons, Chen’s petition for review, and any derivative claims contained therein, is DENIED. The pending motion for a stay of removal in this petition is DENIED.