**ZHANG WANG CHENG, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

R. Gonzales,[1] Respondents.

No. 05–0546–ag.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Sharon T. Ratley, Assistant United States Attorney (G.F. Peterman, III, United States Attorney for the Middle District of Georgia), Macon, Georgia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 9th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhang Wang Cheng, through counsel, petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Id.* at 233–34 (quoting *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001)).

An asylum applicant is limited to only one motion to reopen, which must be filed within 90 days of a final administrative decision. 8 C.F.R. § 1003.2(c)(2). We have held that the filing deadline for motions to reopen may be equitably tolled. *Iavorski v. U.S. INS*, 232 F.3d 124, 127 (2d Cir.2000). Tolling is available if an asylum applicant can demonstrate that (1) his counsel's conduct violated his constitutional right to due process, and (2) he "has exercised due diligence in pursuing the case during the period [he] seeks to toll." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). In a situation where concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the concealment is, or should have been, discovered by a reasonable person in the situation. *Iavorski*, 232 F.3d at 134.

Here, Cheng filed a motion to reopen his proceedings before the BIA on March 19, 2003, about one year after the BIA indicated that it had dismissed his appeal. Cheng points out that the BIA's March 14, 2002 decision is not in the record, and may be lost. Accordingly, the record does not indicate whether or when the agency sent Cheng adequate notice that it had denied his appeal. But the BIA did not abuse its discretion in determining that the time in which Cheng was to assert his ineffective assistance of counsel claim began the period on the date that the BIA decided

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Cheng's appeal—March 14, 2002. We note that Cheng never explicitly claimed that he failed to receive adequate notice of the BIA's March 14, 2002 decision, nor did he ever state the actual or approximate date that he became aware that he had suffered from ineffective assistance of counsel. Without such information, we cannot find that Cheng has met his burden of demonstrating that he acted with due diligence to assert his ineffective assistance of counsel claim, and thus, that he was entitled to tolling of the time limit on that claim. Cheng waited approximately one year to file his motion to reopen on March 19, 2003 and has offered no reason to explain his late filing. *See Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 269–70 (2d Cir.2006) (per curiam).

Next, we note that the BIA has limited authority to reopen an individual's proceedings on its own. *See* 8 C.F.R. § 1003.2(a); *see also In Re J–J–,* 21 I & N Dec. 976, 984, 1997 WL 434418 (BIA 1997). The decision of the BIA to reopen, or not reopen, a case *sua sponte* is completely discretionary, and we lack jurisdiction to review the BIA's *sua sponte* discretionary authority. *See Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 474 (3rd Cir.2003); *Pilch v. Ashcroft,* 353 F.3d 585, 586 (7th Cir.2003); *Ekimian v. INS,* 303 F.3d 1153, 1158 (9th Cir.2002); *Luis v. INS,* 196 F.3d 36, 39 (1st Cir.1999); *Anin v. Reno,* 188 F.3d 1273, 1279 (11th Cir.1999).

For the foregoing reasons, Cheng's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).