United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60685

_____

MARCELO GUEVARA,

                                        Petitioner,

                        v.

ALBERTO R. GONZALES,
U.S. Attorney General,

                                        Respondent.

_____

On Petition for Review from an Order of
the Board of Immigration Appeals

_____

Before KING, SMITH, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

      Marcelo Guevara ("Guevara") petitions for review of an order
of the Board of Immigration Appeals ("BIA").  The procedural
history of this immigration case is somewhat lengthy.  Subsequent
to the BIA's initial decision affirming the immigration judge's
("IJ") order of removal, Guevara successfully moved to reopen, and
the BIA terminated the removal proceedings.  Approximately two and
a half years later, the respondent, the Department of Homeland
Security ("DHS") successfully moved the BIA to reconsider.  Guevara
now appeals that order.  In DHS's motion to reconsider before the

BIA, it argued that the BIA did not have jurisdiction to grant Guevara's motion to reopen because he had been deported. The principal issue before us is whether DHS's motion to reconsider is part of a direct review of the order or a collateral attack. Concluding that the motion to reconsider constitutes a collateral jurisdictional attack on the BIA's decision, it is barred by res judicata.

## I.   FACTUAL AND PROCEDURAL HISTORY

In 1999, the BIA affirmed the IJ's decision finding Guevara removable as an alien convicted of an aggravating felony—driving while under the influence. It is undisputed that Guevara was removed from the United States in February of 2001. On March 1, 2001, this Court held that the Texas felony of driving while intoxicated was not a "crime of violence" and thus not an aggravated felony. *United States v. Chapa-Garza,* 243 F.3d 921 (5th Cir. 2001). Relying on *Chapa-Garza,* Guevara filed a motion to reopen the removal proceedings, terminate proceedings, and reinstate lawful permanent resident status on October 9, 2001. On November 2, 2001, the BIA granted the motion based on the change in the law, vacated the removal order, and terminated the proceedings in the case.

DHS filed no response to either Guevara's motion to reopen or the BIA's decision until approximately two and a half years later.

2

On March 30, 2004, DHS filed a motion to reconsider, raising the sole argument that, because Guevara had already been removed, the BIA was without jurisdiction to reopen Guevara's removal proceedings and requested reinstatement of the removal order. DHS did not serve Guevara's counsel with this motion.

On July 13, 2004, the BIA granted DHS's motion to reconsider and, citing *Matter of G-L-C-,* 22 I & N Dec. 281 (BIA 1998), concluded it had been without jurisdiction to entertain Guevara's motion to reopen filed after his deportation. The BIA vacated its November 2, 2001 decision (which had vacated the removal order and terminated proceedings) and reinstated its October 18, 1999 decision finding Guevara removable. Guevara now petitions this Court for review of that decision.

## II. ANALYSIS

Guevara contends that the BIA erred in granting DHS's motion to reconsider. This Court reviews the grant of a motion to reconsider for abuse of discretion. *See Zhao v. Gonzales,* 404 F.3d 295, 301 (5th Cir. 2005) (reviewing the denial of a motion to reconsider); 8 C.F.R. § 1003.2(a) (2004) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . .").

Citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 377 (1940), Guevara argues that res judicata prevented

3

DHS's collateral attack on the BIA's jurisdiction to grant his motion to reopen the deportation proceedings. This Court has explained that "[i]f the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992).

DHS does not dispute that res judicata precludes a collateral attack on the BIA's jurisdiction.[1] Instead, it simply asserts, without supporting argument or authority, that res judicata is inapplicable because its motion to reconsider involved direct review by the BIA of its jurisdiction.

The sole issue thus presented here is whether DHS's motion to reconsider constitutes direct review or a collateral attack. If the motion was part of the direct review process, then res judicata did not apply. On the other hand, if the motion was a collateral attack on the BIA's decision, it was barred by res judicata.

Although apparently we have not addressed the question of whether a motion to consider is collateral, the Eighth Circuit has determined that "[m]otions to reopen or reconsider in the immigration context are not appeals to the Board from its own order, but are more accurately described as collateral attacks on

---

[1] This Court previously has rejected the BIA's conclusion that res judicata does not apply to its administrative proceedings. *Medina v. I.N.S.,* 993 F.2d 499, 503-04 (5th Cir. 1993).

4

the Board's order."  *White v. I.N.S.,* 6 F.3d 1312, 1315 (8th Cir. 1993) (citing inter alia 8 C.F.R. § 3.2).[2]  Similarly, the Supreme Court, in the context of discussing the Attorney General's authority, has opined that "[m]otions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence."  *Doherty,* 502 U.S. at 323 (citation omitted). Also, the BIA has indicated that "'relief from judgment orders,' contained in Rule 60(b) [of the Federal Rules of Civil Procedure], most resemble our motions to reopen or reconsider."  *In re J-J-,* 21 I. & N. Dec. 976, 983 (BIA 1997).  We defer to the BIA's reasonable interpretation of its regulations.  *Hernandez-Castillo v. Moore,* 436 F.3d 516, 519 (5th Cir. 2006).

Relying on the above-quoted Supreme Court's language in *Doherty,* the Eighth Circuit compared motions to reconsider or reopen immigration proceedings to motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and motions for new trial pursuant to Federal Rule of Criminal Procedure 33. *White,* 6 F.3d at 1315.  The Eighth Circuit noted that a Rule 60(b) motion "does not affect the finality of a judgment or suspend its operation."  *Id.* (quoting FED. R. CIV. P. 60(b)).  The *White* Court

---

[2]  Section 3.2(a) involves requests to reopen or reconsider proceedings before the BIA and is the predecessor to section 1003.2(a), which was previously quoted.  The wording did not change.

5

further noted that if a motion for a new trial based on newly discovered evidence is made while an appeal is pending, the court may grant the motion only on remand. *Id.* (citing FED. R. CRIM. P. 33). The analogy indicates that a motion to reopen immigration proceedings is separate and apart from direct review.

Moreover, this Court has recognized that "[t]he BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review." *Jaquez-Vega v. Gonzales,* 140 Fed.Appx. 547 (5th Cir. Aug. 5, 2005) (unpublished) (citing *Stone v. I.N.S.*, 514 U.S. 386, 394 (1995)). If a motion to reconsider is separate from and does not affect the finality of an appeal, it does not follow that it is part of the direct review. We are persuaded that DHS's motion to reconsider constituted a collateral jurisdictional attack on the BIA's previous decision to grant Guevara's motion to reopen and terminate proceedings.[3]

---

[3] We note that DHS relies on *Navarro-Miranda v. Ashcroft,* 330 F.3d 672 (5th Cir. 2003), in support of its argument that the BIA lacked jurisdiction to grant Guevara's motion to reopen. However, *Navarro-Miranda* does not control this case. While *Navarro-Miranda* is very similar in that the alien was moving for relief based on the holding in *Chapa-Garza* that driving while intoxicated was not a crime of violence. However, in that case, the BIA had denied relief recognizing that it lacked jurisdiction because the alien had already been deported. Here, if DHS had responded to Guevara's motion to reopen with this argument, presumably the BIA would have denied Guevara's motion for lack of jurisdiction. More importantly, due to the difference in the procedural posture of the cases, the instant res judicata bar is not affected by our holding in *Navarro-Miranda* that the BIA's interpretation of its regulations was reasonable.

Accordingly, because res judicata barred the jurisdictional attack, the BIA abused its discretion in granting the motion to reconsider on that basis, the only basis raised in DHS's motion to reconsider. Our precedent dictates that we treat the BIA's November 2, 2001 order granting Guevara relief "as proper in every respect." *Renteria-Gonzalez v. I.N.S.,* 322 F.3d 804, 812 (5th Cir. 2002).[4]

III. CONCLUSION

Accordingly, we GRANT the petition for review, VACATE the BIA's decision and order, and REMAND to the BIA for proceedings consistent with this opinion.

---

[4] Because this issue is dispositive of Guevara's petition for review, we need not address his other arguments.

KING, Circuit Judge, concurring:

I concur in the judgment and in the panel opinion. I write separately to offer a fuller explanation of my reasoning.

We have previously recognized in a similar case that several agencies, including the BIA, "have a full panoply of powers which they may invoke sua sponte." Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001) (holding that this court lacked jurisdiction to consider a petition for review from the BIA's discretionary decision not to reopen a case). Nevertheless, it is somewhat unusual to find an agency with the discretionary power to reopen or reconsider a prior decision, sua sponte, at any time. In this matter, however, the government claims that the BIA possesses just such an unfettered power, at least as long as the BIA considers its own previous decisions on something called "direct appeal" or "direct review."[1]

---

[1]What the government means by the BIA's ability to review its own previous decisions on "direct appeal" or "direct review" is not particularly clear. At one point in its brief before this court, the government argues, without citation or factual referent, that "this case involves an attack on jurisdiction by one of the parties to the litigation, DHS, in the course of direct review." Gov't Br. at 10.

On the other hand, the government's own statement of the facts before this court clearly indicates that the BIA reached its final decision and order after considering an untimely motion to reconsider from DHS on March 30, 2004. See Gov't Br. at 5 ("On March 30, 2004, the DHS filed a motion to reconsider with the Board. . . . In a decision dated July 13, 2004, the Board granted DHS's motion to reconsider."). Furthermore, as will be discussed further below, the BIA claimed it was reconsidering the matter pursuant to 8 C.F.R. § 1003.2, and it made no reference to any sort of "direct review" of its own previous decision. R. at 2. Using the government's version of the procedural history of this case,

While these claims are excessive, the relevant regulatory text clearly indicates that the BIA's authority to reopen or reconsider prior decisions is quite broad: "The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). In the face of this clear language, it is somewhat difficult to understand how any decision made by such an agency could ever be final. Therefore, it may seem strange to invoke the doctrine of res judicata, as the panel does, to conclude that the BIA's ostensibly sua sponte decision and order, taken pursuant to its power to reconsider set forth in § 1003.2(a), was an abuse of discretion.[2] Majority Op., at ---- (citing Renteria-Gonzalez v. INS, 322 F.3d 804, 812 (5th Cir. 2002)).

To appreciate the panel's conclusion, one must recognize that the BIA's last decision and order in this matter was not really taken sua sponte.[3] Rather, the BIA's decision and order of July

and following the BIA's analysis of its own order, this concurrence will treat the BIA's final order as arising under the framework of 8 C.F.R. § 1003.2 rather than the government's notion of "direct review."

[2]Although it may seem somewhat strange to apply the doctrine of res judicata in this matter, the general applicability of res judicata to removal proceedings before the BIA has been clearly stated by this court. See, e.g., Medina v. INS, 993 F.2d 499 (5th Cir. 1993) (per curiam) (vacating an order of deportation while holding that res judicata precluded the INS from revisiting a prior adjudication).

[3]A decision taken sua sponte by a court or agency is a decision taken "[w]ithout prompting or suggestion; on its own motion . . . ." BLACK'S LAW DICTIONARY 1437 (7th ed. 1999).

9

13, 2004, was taken in response to DHS's motion to reconsider of March 30, 2004, and it invoked the opening sua sponte language of 8 C.F.R. § 1003.2(a), quoted above, in order to waive the timeliness restrictions on party motions to reconsider or reopen which are set forth later in § 1003.2. After opening with the language quoted above, § 1003.2(a) continues to state that:

> A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section.

Several of these further restrictions are set forth in 8 C.F.R. § 1003.2(b) and (c). Section 1003.2(b) provides that a written motion to reconsider a decision "must be filed . . . within thirty days after the mailing of the Board decision," and it also limits parties to "only one motion to reconsider any given decision . . . ." Section 1003.2(c) provides that a written motion to reopen a decision "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened," and it prevents the Board from

---

We are not alone in our insistence that the term "sua sponte" must have substantive meaning in this context. In Pilch v. Ashcroft, 353 F.3d 585, 586 (7th Cir. 2003), the Seventh Circuit noted that a petitioner's counsel, "[i]n an attempt at disguise, captioned [a successive motion to reopen] as a motion asking the Board to act sua sponte--but, of course, if reopening were to occur in response to a motion, it could not have been sua sponte." To remove any doubt, the Seventh Circuit concluded that "adding the words 'sua sponte' to a successive motion does not change its character." Pilch, 353 F.3d at 586.

10

granting motions to reopen unless they are accompanied by new evidence that "is material and was not available and could not have been discovered or presented at the former hearing . . . ."

Both the BIA's decision and order and the government's brief before this court clearly indicate that the BIA responded to DHS's motion to reconsider.[4] And therefore, the BIA's decision and order was not really sua sponte; rather, the BIA simply and openly applied the sua sponte label in order to evade the timeliness restrictions upon party motions to reconsider and reopen contemplated in 8 C.F.R. § 1003.2(a) and specified in 8 C.F.R. § 1003.2(b) and (c). When the focus is put on DHS's motion to reconsider, then it is not, perhaps, inappropriate to treat DHS's motion as a precluded and time-barred attack on a previous and final order by the BIA.

---

[4]On November 2, 2001, the BIA vacated its previous removal order and terminated removal proceedings against Guevara. R. at 24. Almost two-and-a-half years later, DHS filed a motion to reconsider with the BIA, on March 30, 2004. R. at 19. As noted above, 8 C.F.R. § 1003.2(b) imposes a thirty-day limit on party motions to reconsider. On July 13, 2004, the BIA issued the decision and order from which the current petition is taken, expressly granting DHS's untimely motion. See R. at 2 (concluding that DHS's "motion to reconsider will be granted"). In its decision and order, the BIA stated that "[t]o resolve any question of timeliness we will accept this motion sua sponte." Id. (citing 8 C.F.R. § 1003.2(a)).

Throughout its brief before this court, the government confirms that the BIA's decision was taken in response to DHS's motion to reconsider, rather than taken sua sponte. See, e.g., Gov't Br. at 6 (stating that the BIA "did not err in granting DHS's motion to reconsider and reinstating its prior order of removal. . . . . in granting DHS's motion to reconsider, the Board was simply correcting a previous error concerning jurisdiction").

11

The panel's conclusion finds further support in the decisions of other courts, which have noted that motions to reopen or reconsider pursuant to 8 C.F.R. § 1003.2 should be reserved for those rare instances involving exceptional hardship or dramatically changed circumstances affecting an alien petitioner. See, e.g., Zheng v. U.S. Dep't of Justice, 416 F.3d 129, 131 (2d Cir. 2005) (per curiam) (stating that the BIA should exercise its sua sponte authority "sparingly" and "as an extraordinary remedy" to prevent or remedy "truly exceptional situations" of grave hardship); Berishaj v. Ashcroft, 378 F.3d 314, 330-31 (3d Cir. 2004) (discussing 8 C.F.R. § 1003.2 and encouraging "the Department of Justice to adopt a policy that encourages its attorneys to file motions to reopen" when conditions in an applicant's native country change, necessitating an updated administrative record); Johnson v. Ashcroft, 378 F.3d 164, 170-71 n.8 (2d Cir. 2004) (stating that the BIA's sua sponte authority to reopen or reconsider is limited to "extraordinary" circumstances and "rarely invoked"). This case presents no such extraordinary issue of exceptional hardship or dramatic overseas change; rather, DHS filed its untimely motion to argue that the BIA lacked jurisdiction for its decision and order of November 2001 because Guevara had already been removed.

Finally, the panel's conclusion is appropriate because it preserves the security granted by decisions of the BIA to admit aliens or to terminate removal proceedings. The unacceptable

12

alternative to the panel's conclusion would provide DHS with the unlimited ability to file motions to reconsider or reopen unfavorable BIA decisions, so long as DHS could also convince the BIA to apply the sua sponte fig leaf used in this case. Cf. Medina v. INS, 993 F.2d 499, 503 (5th Cir. 1993) (per curiam) (applying the doctrine of res judicata, vacating a BIA order of deportation, and rejecting INS attempts to secure "an infinite number of trips around the carousel in repeated efforts to grab the brass ring missed on the first try"). Of course, the BIA, "[l]ike any tribunal . . . can reconsider its decisions within a reasonable time even if no one asks it to and there has been no change in law or other compelling ground for reconsideration." Ahmed v. Ashcroft, 388 F.3d 247, 251 (7th Cir. 2004) (citing, inter alia, 8 C.F.R § 1003.2(a)) (emphasis added). But this discretionary power has limits, and those limits have been exceeded in this case. Because I agree that the BIA abused its discretion by granting DHS's motion to reconsider--a motion filed almost two-and-a-half years after the BIA terminated Guevara's removal proceedings--I concur in the panel's judgment and opinion.