KING, Circuit Judge,
concurring:
I concur in the judgment and in the panel opinion. I write separately to offer a fuller explanation of my reasoning.
We have previously recognized in a similar case that several agencies, including the BIA, “have a full panoply of powers which they may invoke sua sponte.” Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir.2001) (holding that this court lacked jurisdiction to consider a petition for review from the BIA’s discretionary decision not to reopen a case). Nevertheless, it is somewhat unusual to find an agency with the discretionary power to reopen or reconsider a prior decision, sua sponte, at any time. In this matter, however, the government claims that the BIA possesses just such an unfettered power, at least as long as the BIA considers its own previous decisions on something called “direct appeal” or “direct review.”[1]
While these claims are excessive, the relevant regulatory text clearly indicates that the BIA’s authority to reopen or reconsider prior decisions is quite broad: “The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.” 8 C.F.R. § 1003.2(a). In the face of this clear language, it is somewhat difficult to understand how any decision made by such an agency could ever be final. Therefore, it may seem strange to invoke the doctrine of res judicata, as the panel does, to conclude that the BIA’s ostensibly sua sponte decision and order, taken pursuant to its power to reconsider set forth in § 1003.2(a), was an abuse of discretion.[2] Majority Op., at 176 (citing Renteria-Gonzalez v. INS, 322 F.3d 804, 812 (5th Cir.2002)).
To appreciate the panel’s conclusion, one must recognize that the BIA’s last decision and order in this matter was not really taken sua sponte.[3] Rather, the BIA’s deci *178 sion and order of July 13, 2004, was taken in response to DHS’s motion to reconsider of March 30, 2004, and it invoked the opening sua sponte language of 8 C.F.R. § 1003.2(a), quoted above, in order to waive the timeliness restrictions on party motions to reconsider or reopen which are set forth later in § 1003.2. After opening with the language quoted above, § 1003.2(a) continues to state that:
A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section.
Several of these further restrictions are set forth in 8 C.F.R. § 1003.2(b) and (c). Section 1003.2(b) provides that a written motion to reconsider a decision “must be filed ... within thirty days after the mailing of the Board decision,” and it also limits parties to “only one motion to reconsider any given decision .... ” Section 1003.2(c) provides that a written motion to reopen a decision “must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened,” and it prevents the Board from granting motions to reopen unless they are accompanied by new evidence that “is material and was not available and could not have been discovered or presented at the former hearing .... ”
Both the BIA’s decision and order and the government’s brief before this court clearly indicate that the BIA responded to DHS’s motion to reconsider.[4] And therefore, the BIA’s decision and order was not really sua sponte; rather, the BIA simply and openly applied the sua sponte label in order to evade the timeliness restrictions upon party motions to reconsider and reopen contemplated in 8 C.F.R. § 1003.2(a) and specified in 8 C.F.R. § 1003.2(b) and (c). When the focus is put on DHS’s motion to reconsider, then it is not, perhaps, inappropriate to treat DHS’s motion as a precluded and time-barred attack on a previous and final order by the BIA.
The panel’s conclusion finds further support in the decisions of other courts, which have noted that motions to reopen or reconsider pursuant to 8 C.F.R. § 1003.2 should be reserved for those rare instances *179 involving exceptional hardship or dramatically changed circumstances affecting an alien petitioner. See, e.g., Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 131 (2d Cir.2005) (per curiam) (stating that the BIA should exercise its sua sponte authority “sparingly” and “as an extraordinary remedy” to prevent or remedy “truly exceptional situations” of grave hardship); Berishaj v. Ashcroft, 378 F.3d 314, 330-31 (3d Cir.2004) (discussing 8 C.F.R. § 1003.2 and encouraging “the Department of Justice to adopt a policy that encourages its attorneys to file motions to reopen” when conditions in an applicant’s native country change, necessitating an updated administrative record); Johnson v. Ashcroft, 378 F.3d 164, 170-71 n. 8 (2d Cir.2004) (stating that the BIA’s sua sponte authority to reopen or reconsider is limited to “extraordinary” circumstances and “rarely invoked”). This case presents no such extraordinary issue of exceptional hardship or dramatic overseas change; rather, DHS filed its untimely motion to argue that the BIA lacked jurisdiction for its decision and order of November 2001 because Guevara had already been removed.
Finally, the panel’s conclusion is appropriate because it preserves the security granted by decisions of the BIA to admit aliens or to terminate removal proceedings. The unacceptable alternative to the panel’s conclusion would provide DHS with the unlimited ability to file motions to reconsider or reopen unfavorable BIA decisions, so long as DHS could also convince the BIA to apply the sua sponte fig leaf used in this case. Cf. Medina v. INS, 993 F.2d 499, 503 (5th Cir.1993) (per curiam) (applying the doctrine of res judicata, vacating a BIA order of deportation, and rejecting INS attempts to secure “an infinite number of trips around the carousel in repeated efforts to grab the brass ring missed on the first try”). Of course, the BIA, “[ljike any tribunal ... can reconsider its decisions within a reasonable time even if no one asks it to and there has been no change in law or other compelling ground for reconsideration.” Ahmed v. Ashcroft, 388 F.3d 247, 251 (7th Cir.2004) (citing, inter alia, 8 C.F.R § 1003.2(a)) (emphasis added). But this discretionary power has limits, and those limits have been exceeded in this case. Because I agree that the BIA abused its discretion by granting DHS’s motion to reconsider— a motion filed almost two-and-a-half years after the BIA terminated Guevara’s removal proceedings — I concur in the panel’s judgment and opinion.

.What the government means by the BIA’s ability to review its own previous decisions on "direct appeal” or “direct review” is not particularly clear. At one point in its brief before this court, the government argues, without citation or factual referent, that "this case involves an attack on jurisdiction by one of the parties to the litigation, DHS, in the course of direct review.” Gov’t Br. at 10.
On the other hand, the government’s own statement of the facts before this court clearly indicates that the BIA reached its final decision and order after considering an untimely motion to reconsider from DHS on March 30, 2004. See Gov’t Br. at 5 ("On March 30, 2004, the DHS filed a motion to reconsider with the Board .... In a decision dated July 13, 2004, the Board granted DHS’s motion to reconsider.”). Furthermore, as will be discussed further below, the BIA claimed it was reconsidering the matter pursuant to 8 C.F.R. § 1003.2, and it made no reference to any sort of "direct review” of its own previous decision. R. at 2. Using the government’s version of the procedural history of this case, and following the BIA's analysis of its own order, this concurrence will treat the BIA's final order as arising under the framework of 8 C.F.R. § 1003.2 rather than the government’s notion of "direct review.”

. Although it may seem somewhat strange to apply the doctrine of res judicata in this matter, the general applicability of res judicata to removal proceedings before the BIA has been clearly stated by this court. See, e.g., Medina v. INS, 993 F.2d 499 (5th Cir.1993) (per cu-riam) (vacating an order of deportation while holding that res judicata precluded the INS from revisiting a prior adjudication).

. A decision taken sua sponte by a court or agency is a decision taken “[wjithout prompting or suggestion; on its own motion Black’s Law Dictionary 1437 (7th ed.1999).
We are not alone in our insistence that the term "sua sponte” must have substantive meaning in this context. In Pilch v. Ashcroft, 353 F.3d 585, 586 (7th Cir.2003), the Seventh Circuit noted that a petitioner’s counsel, “[i]n an attempt at disguise, captioned [a succes *178 sive motion to reopen] as a motion asking the Board to act sua sponte' — but, of course, if reopening were to occur in response to a motion, it could not have been sua sponte.” To remove any doubt, the Seventh Circuit concluded that "adding the words 'sua sponte’ to a successive motion does not change its character.” Pilch, 353 F.3d at 586.

. On November 2, 2001, the BIA vacated its previous removal order and terminated removal proceedings against Guevara. R. at 24. Almost two-and-a-half years later, DHS filed a motion to reconsider with the BIA, on March 30, 2004. R. at 19. As noted above, 8 C.F.R. § 1003.2(b) imposes a thirty-day limit on party motions to reconsider. On July 13, 2004, the BIA issued the decision and order from which the current petition is taken, expressly granting DHS’s untimely motion. See R. at 2 (concluding that DHS’s "motion to reconsider will be granted”). In its decision and order, the BIA stated that "[t]o resolve any question of timeliness we will accept this motion sua sponte.” Id. (citing 8 C.F.R. § 1003.2(a)).
Throughout its brief before this court, the government confirms that the BIA's decision was taken in response to DHS's motion to reconsider, rather than taken sua sponte. See, e.g., Gov't Br. at 6 (stating that the BIA "did not err in granting DHS's motion to reconsider and reinstating its prior order of removal .... in granting DHS’s motion to reconsider, the Board was simply correcting a previous error concerning jurisdiction”).