UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 13, 2006
Decided December 18, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1234

| | |
|---|---|
| TAHIR MAHMOOD AFRIDI, <br> *Petitioner*, | Petition for Review of an Order of <br> the Board of Immigration Appeals |
| *v.* | No. A95-925-145 |
| ALBERTO R. GONZALES, <br> *Respondent*. | |

**O R D E R**

Tahir Mahmood Afridi, a native of Pakistan, overstayed his visitor's visa and was ordered removed by an immigration court. He waived his right to appeal the removal order to the Board of Immigration Appeals in exchange for voluntary departure, but later moved to reopen the case arguing that his attorney was ineffective for agreeing to the appeal waiver. Finding no prejudice, the immigration judge denied his motion and the Board affirmed. Afridi then filed a second motion to reopen directly with the Board, which the Board dismissed as numerically barred under 8 C.F.R. § 1003.2(c)(2). We dismiss Afridi's petition for review of that decision for lack of jurisdiction.

Afridi entered the United States on a visitor's visa in April 2000. In April 2001 his employer, ACE Movers and Rental, Inc., applied for a labor certificate on Afridi's behalf as a first step towards him becoming a lawful permanent resident under 8 U.S.C. § 1255(i). Although Afridi's labor certificate was approved, ACE later refused to apply for a work visa on his behalf

because of a "falling out" between Afridi and the owner of ACE, who is one of his relatives. In March 2003, the Department of Homeland Security initiated removal proceedings against Afridi.

At his first appearance before an immigration judge in April 2003, Afridi requested and was granted a continuance. His attorney advised Afridi to "make peace" with his relative so that ACE would apply for the visa, but Afridi responded that reconciliation was "not possible." Afridi then obtained two more continuances while searching for a new employer to sponsor him for a labor certificate. In November 2003 he found a new employer to file the application, which prompted the immigration judge to grant a fourth continuance.

In May 2004 Afridi asked for yet another continuance. The immigration judge granted his request but warned him that he would be removed if he failed to apply for an adjustment of status before his next hearing. The judge also warned that, if removal was ordered, Afridi would be permitted to voluntarily depart only if he agreed not to appeal the order to the Board. Shortly before his next hearing on February 23, 2005, Afridi learned that his second application for a labor certificate had been sent to the Backlog Processing Center. Thus, at the hearing Afridi requested a continuance for the sixth time. As promised, the immigration judge denied Afridi's request, found him removable as charged, and granted him voluntary departure after he waived his right to appeal the removal order to the Board.

Afridi did not appeal or depart. Instead, in March 2005 Afridi, represented by new counsel, filed a motion to reopen with the immigration judge, claiming that former counsel was ineffective for allowing him to waive his right to appeal in exchange for voluntary departure. The immigration judge denied this motion, reasoning that Afridi had failed to provide either evidence that he filed a complaint regarding his former counsel with the appropriate disciplinary authorities, or an explanation for not doing so as required by *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988). Afridi appealed, but the Board agreed with the immigration judge's interpretation of *Matter of Lozada*. The Board also rejected Afridi's assertions that he did not knowingly and intelligently waive his right to appeal in exchange for voluntary departure, and that he was prejudiced by the waiver. The Board added, in any event, Afridi failed to demonstrate he was eligible for any relief from removal. Afridi did not petition this court for review of the Board's decision.

On October 18, 2005, after complying with the requirements of *Matter of Lozada*, Afridi filed a second motion to reopen directly with the Board. In December 2005 the Board found this motion numerically barred under 8 C.F.R. § 1003.2(c)(2) and concluded that Afridi had not identified any "extraordinary circumstances" that warranted exercising its *sua sponte* authority to reopen. Afridi timely petitioned for review of the Board's decision.

The parties first dispute this court's jurisdiction and the applicable standard of review. Afridi argues that the Board's December 2005 order denying his second motion to reopen "adopted and incorporated" the immigration judge's decision and that this court should thus review the initial decision of the immigration judge de novo. This argument is not persuasive because the Board's decision stands on its own, and because Afridi filed his second motion to

reopen directly with the Board and never presented it to the immigration judge. Therefore, there was no previous decision that the Board possibly could have adopted and incorporated into its own decision. To the extent Afridi is arguing that the Board's September 2005 decision upholding the immigration judge's denial of his *first* motion to reopen should allow us to review the immigration court's final order of removal, Afridi never filed a timely petition for review of the Board's decision on his first motion. Thus, the government correctly notes that we lack jurisdiction to consider any of the arguments related to that motion. *See* 8 U.S.C. § 1252(b)(1); Ajose v. Gonzales, 408 F.3d 393, 394-95 (7th Cir. 2005); *Dakane v. United States Attorney Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (citing *Stone v. INS*, 514 U.S. 386, 405 (1995)).

The only remaining issue Afridi presents is whether the Board erred in denying his second motion to reopen. The government argues that under *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003) we lack jurisdiction to consider this argument; nevertheless it goes on to discuss why the argument lacks merit. For his part, Afridi ignores the jurisdictional issue altogether; he did not address it in his opening brief, nor did he file a reply brief responding to the government's argument. The government is correct that we lack jurisdiction to consider Afridi's argument that the Board should have reopened his case; the Board's decision not to invoke its *sua sponte* authority to reopen deportation proceedings is discretionary and we therefore cannot review it. *Pilch*, 353 F.3d at 586; *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (collecting cases). Thus, any further discussion of the parties' arguments on the merits is inappropriate here.

Accordingly, we DISMISS Afridi's petition for review for lack of jurisdiction.