NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3496
_____

JORGE GUZMAN-CANO,
a/k/a Carlos Rodriguez,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A036-695-580)
Immigration Judge:  Honorable Donald Ferlise

_____

Submitted Under Third Circuit LAR 34.1(a)
March 24, 2010

Before:  RENDELL, AMBRO and, FUENTES, Circuit Judges.

(Filed: April 12, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

        Jorge Guzman-Cano petitions for review of the Board of Immigration Appeals

("BIA") decision denying his motion to reconsider the denial of his motion to reopen

deportation proceedings. We will dismiss the petition for review for lack of appellate jurisdiction.

## I.

Guzman-Cano is a 54 year-old native and citizen of Colombia who was admitted to the United States as a lawful permanent resident in June 1980. Two years later, in November 1982, Guzman-Cano pled guilty to, and was convicted of, possession and delivery of a controlled substance (cocaine) in violation of Pennsylvania law. Four months later, in March 1983, Guzman-Cano again pled guilty to, and was convicted of, possession of a controlled substance (cocaine), this time in violation of New Jersey law. Guzman-Cano was convicted a final time in 1988, although detailed information pertaining to this conviction is absent from the record of proceedings. For this final conviction Guzman-Cano was imprisoned from 1988 to 1994.

Deportation proceedings were initiated against Guzman-Cano in 1990 that, after an adverse immigration judge ("IJ") ruling and remand by the BIA to the IJ in 2000, ultimately culminated in the BIA's 2003 dismissal of his appeal from a second adverse IJ ruling. These rulings considered whether his convictions rendered him ineligible for relief from removal under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c). In dismissing his appeal in 2003, the BIA concluded both that Guzman-Cano's drug trafficking convictions constituted aggravated felonies, and that he was thus ineligible for relief under section 212(c) because since 1990 "a lawful permanent resident

2

who has served at least 5 years in prison for an aggravated felony or felonies has been ineligible for a waiver under section 212(c)." App. 320-21. Guzman did not petition for review of this decision. Nor did he leave the country as ordered.

On April 25, 2005, Guzman-Cano filed with the BIA a special motion to reopen pursuant to 8 C.F.R. § 1003.44. The BIA denied the motion to reopen on August 31, 2005, because the regulation he relied upon allowed reopening only in cases in which the alien either had agreed to plead guilty pursuant to a plea agreement or was offered and rejected a plea agreement before April 1, 1997, and Guzman-Cano did not offer evidence that he met either of these conditions. App. 189-90. Guzman-Cano did not petition this Court for review of the decision. Nor did he leave the country as ordered.

Three years later, on June 18, 2008, Guzman-Cano filed a second motion to reopen with the BIA. This motion to reopen was time- and number-barred, so Guzman-Cano asked the BIA to exercise its *sua sponte* powers to reopen his case pursuant to 8 C.F.R. § 1003.2(a). App. 107. On July 11, 2008, the BIA denied Guzman-Cano's motion to reopen as time- and number-barred and declined to exercise its *sua sponte* authority to reopen.[1] Guzman-Cano did not file a petition for review of that decision.

Instead, on July 16, 2008, Guzman-Cano filed a motion to reconsider. On August

---

[1] The BIA also noted that Guzman-Cano was ineligible for a section 212(c) waiver of inadmissibility prior to 1996, and thus unaffected by this Court's decision in *Atkinson v. Atty. Gen.*, 479 F.3d 222 (3d Cir. 2007), which held that the 1996 amendments abolishing section 212(c) relief did not apply to prior convictions. App. 106.

3

5, 2008, the BIA denied the motion to reconsider, finding that Guzman-Cano "has not demonstrated any error in our previous decision." App. 2. Guzman-Cano petitions this Court for review from this last BIA order.

## II.

Guzman-Cano acknowledges that in this appeal he seeks review *only* of the August 5, 2008 order of the BIA denying his motion to reopen. (Appellant's Br. 1.) We lack jurisdiction to review the BIA's unwillingness to reconsider its denial of *sua sponte* reopening essentially because we lack jurisdiction to review the BIA's July 11, 2008 decision not to *sua sponte* reopen. We have made it clear that we lack jurisdiction to review a decision by the BIA declining to exercise its *sua sponte* authority. *See Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.").[2]

Guzman-Cano has not filed a reply brief or otherwise urged that any exception to

---

[2] Nine Courts of Appeals have agreed, holding that the BIA's decision whether to reopen proceedings on its own motion is committed to agency discretion by law. *See Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004); *Harchenko v. INS*, 379 F.3d 405, 410-11 (6th Cir. 2004); *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003); *Tamenut v. Mukasey*, 521 F.3d 1000, 1004 (8th Cir. 2008) (en banc); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002); *Belay-Gebru v. INS*, 327 F.3d 998, 1000-01 (10th Cir. 2003); *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999).

this rule should apply.[3]

## III.

Accordingly, the petition for review will be dismissed for lack of appellate jurisdiction.

---

[3] In *Cruz*, we suggested that there may be an exception to this rule, namely, if "the BIA has restricted the exercise of its discretion by establishing a 'general policy' of reopening *sua sponte*" in certain particular circumstances. *Cruz v. Att'y Gen.* 452 F.3d 240, 249 (3d Cir. 2006). We noted that "[w]here there is a consistent pattern of administrative decisions on a given issue, we would expect the BIA to conform to that pattern or explain its departure from it." *Id*. at 250.